

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Jos. B. Dart
County Attorney
Kendall County
Boerne, Texas

Dear Mr. Dart:

Opinion No. O-6763

Re: A judgment entered by the County Court, under Articles 4121-4123, declaring a person to be of unsound mind and appointing a guardian, would not defeat or bar the court's power to adjudge the same person to be feeble minded and commit him to the Austin State School, under Articles 3867-3871, inc.

Your letter of July 30, 1945, has been given our careful attention. You state that a woman forty years of age, who lived in Kerr County in 1944, was adjudged of unsound mind, under proceedings instituted under Articles 4121-4123, inc., and a guardian was appointed to take charge of her property. You ask whether that judgment bars the County Court of Kendall County, where the party now lives, from adjudging her of being feeble minded, and committing her to the Austin State School, under the provisions of Articles 3867-3871 of the Revised Statutes.

It is our opinion that the judgment entered in Kerr County would not and does not bar the proceeding in Kendall County to adjudge her of being a feeble-minded person, and committing her to the Austin State School.

The statutes, authorizing the appointment of a guardian, under which the proceedings in Kerr County were instituted and judgment entered, are for the salient purpose of having a guardian appointed for the persons named therein, who, in the judgment of the County Court, are not competent to handle their property.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINIO . UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Jos. B. Dart - page 2

We have other provisions in the statutes for the trial of insane persons, and in virtue thereof are ordered confined in the State institutions for persons of unsound mind. Unquestionably, the court that appoints a guardian for a person of unsound mind would not in that proceeding have authority to commit the party to the institution in Texas for the insane.

The proper method of procedure, therefore, is to file the complaint in Kendall County, and have the trial court determine whether she is now of such feeble mind as requires her to be confined in the Austin State School, and if so, enter judgment and process accordingly.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          Geo. W. Barcus

Geo. W. Barcus
Assistant

GWB-MR

